# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 4, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**WILLIAM K. WITHERS II,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0067** (BOR Appeal No. 2046046)
(Claim No. 2005046717)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PIER 1 IMPORTS U.S., INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William K. Withers II, by Patrick Kevin Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 19, 2011, in which the Board affirmed a May 16, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 29, 2010, decision granting an additional 8% permanent partial disability award for the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Withers alleges that a light stand fell and struck him on the right side of his head, neck, mid and low back while he was working for Pier 1 Imports. He suffered contusions to his face, scalp, neck and abdominal wall; a neck sprain; a thoracic sprain; and low back pain. Mr. Withers was granted a 6% permanent partial disability award for the cervical spine and a 0% permanent partial disability award for the thoracic spine. On December 15, 2009, Dr. Mukkamala concluded Mr. Withers had reached maximum medical improvement for all conditions regarding the compensable injury, and had an 8% whole person impairment for the lumbar spine from the compensable injury. Dr. Mukkamala did not address the cervical spine impairment. On July 15, 2010, Dr. Guberman concluded Mr. Withers had reached maximum medical improvement, and had an 8% impairment for the cervical spine and an 8% impairment for the lumbar spine.

The Office of Judges affirmed the claims administrator's decision, and held that the preponderance of the evidence establishes that Mr. Withers has an 8% permanent partial disability for his lumbar spine. On appeal, Mr. Withers disagrees and asserts that the Office of Judges erred in limiting the additional 8% permanent partial disability award granted by the claims administrator to the lumbar area because the claims administrator did not limit the award to an area, and that he is entitled to an additional 8% permanent partial disability award for the cervical spine based on Dr. Guberman's findings.

The Board of Review affirmed the Office of Judges' Order. The Board of Review correctly granted an 8% permanent partial disability award for the lumbar spine. The Office of Judges determined that Dr. Mukkamala's and Dr. Guberman's reports were probative. Dr. Guberman and Dr. Mukkamala both concluded that Mr. Withers's lumbar condition had reached maximum medical improvement, and that he is entitled to an additional 8% permanent partial disability award for his lumbar spine. However, the Board of Review and the Office of Judges erred in not considering Mr. Withers's cervical spine condition for an additional permanent partial disability award. Dr. Guberman evaluated Mr. Withers, and concluded that he was entitled to an additional 8% permanent partial disability award for his cervical spine. Therefore, the Board of Review's holding is affirmed in part as to the 8% permanent partial disability award for the lumbar spine, and reversed and remanded in part as to the cervical spine not being considered for an additional permanent partial disability award. This case is remanded to the Board of Review with instructions to reconsider and determine the amount of impairment for the cervical spine.

Affirmed in Part, and Reversed and Remanded in Part.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman

Justice Menis E. Ketchum

**DISSENTING:**
Justice Allen H. Loughry II